## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| EMMANUAL DHAKER, | ) | CASE NO. 1:25-CV-1578-PAB |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTATE JUDGE |
| COMMISSIONER OF SOCIAL | ) | JENNIFER DOWDELL ARMSTRONG |
| SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

## I.      INTRODUCTION AND PROCEDURAL BACKGROUND

On July 29, 2025, Plaintiff Emmanual Dhaker filed a complaint *pro se* against the Commissioner of Social Security.[1] (Compl., ECF No. 1.) Mr. Dhaker alleged that he is homeless and provided an email address for service. (*Id.*) He identified that he was living in Maple Heights, Ohio, and under his signature he listed a physical address in Maple Heights. (*Id.* at PageID# 5.)

The exact cause or causes of action raised in the complaint are not clear.[2] As best as I can tell, the complaint alleges that the SSA violated federal law and its own regulations when it ended his social security benefits in 2023. (*See id.* at PageID# 4.) Specifically, Mr. Dhaker claims that

---

[1] While Mr. Dhaker identified two offices of the U.S. Social Security Administration in the caption of the typewritten portion of his complaint, he identifies the Commissioner of Social Security as the named defendant in the handwritten portion. (*See* Compl., ECF No. 1, PageID# 8.) Moreover, he filed the case as an administrative review. (*See* Civil Cover Sheet, ECF No. 1-1, PageID# 13.)

[2] Mr. Dhaker alleges that he applied for social security benefits in 2010 and was told that he would be paid benefits "for life." (Compl., ECF No. 1, at PageID# 3.) He claims to have then given the SSA one billion dollars. (*Id.*) He alleges that the President of the United States personally told him in 2022 that he would be "cut off" from benefits. (*Id.* at PageID# 4.) Mr. Dhaker claims that the agency did end his benefits in 2023. (*Id.*) He says that he went to numerous SSA offices, and in one circumstance was told by an agency employee that the employee was diverting Mr. Dhaker's benefits to a third person. (*Id.*) The complaint contains a number of other factual allegations, but ultimately Mr. Dhaker claims that the agency's actions violated 42 U.S.C. § 405(a) and (b), entitling him to a refund of the $1,000,000,000 he paid to the agency and for damages in the amount of $40,000,000,000. (*Id.*, PageID# 5.)

the Agency violated 42 U.S.C. § 405(a) and (b). (*See id.* at PageID# 1, 5.) This Court has authority to review final decisions of the Commissioner of Social Security under 42 U.S.C. § 405(g). But Mr. Dhaker also seeks damages of $41 billion. (*Id.* at PageID# 5.)

The case is before me pursuant to a referral under LR 72.2(b).

In my initial order in the case, and in accordance with LR 16.3.1(c), I ordered Mr. Dhaker to email his social security number to the U.S. Attorney's Office for the Northern District of Ohio and to the SSA's Office of General Counsel. (Order, ECF No. 4, PageID# 22.)

Pursuant to LR 16.3.1(d), the agency's response to the complaint (its filing of a certified administrative record) was to be due on September 29, 2025.

The Commissioner filed a notice on September 9, 2025, stating that Mr. Dhaker had not provided his social security number as required. (Notice, ECF No. 7.) Counsel for the Commissioner further identified that he had attempted to find Mr. Dhaker in the agency's internal case-tracking system, without success.[3] (*Id.* at 2 n.2, PageID# 30.) The government emailed the notice to Mr. Dhaker at the email address he provided in the complaint. (Certificate of Service, ECF No. 8.)

On the same day, I entered an order again requiring Mr. Dhaker to email his social security number to the USAO and SSA-OGC and to file a notice pursuant to LR 9.1 confirming that the information had been provided. (Non-document Order, Sept. 9, 2025.) I set a deadline of September 26, 2025. (*Id.*) The clerk mailed a copy of my order to Mr. Dhaker at the address he listed in Maple Heights. (Service Remark, Sept. 9, 2025.)

---

[3] Notably, the complaint does not even include the last four digits of Mr. Dhaker's social security number as required by LR 16.3.1(c).

Mr. Dhaker still failed to file notice that he complied with these orders. However, upon inquiry I noted that it appears the address Mr. Dhaker listed in Maple Heights may be associated with a transit station, as opposed to a residence at which mail can be received.

Therefore, on November 20, 2025, I entered an order again setting forth that the Commissioner of Social Security cannot adequately respond to Mr. Dhaker's complaint without knowing Mr. Dhaker's social security number and that Mr. Dhaker is required to provide his social security number to the USAO and SSA-OGC pursuant to LR 16.3.1 and my previous orders in this case. (Order, ECF No. 9.)

I then ordered Mr. Dhaker to provide his full social security number in a written disclosure statement to the United States Attorney's Office via electronic mail by December 4, 2025. (*Id.*) I again cautioned Mr. Dhaker that failure to timely comply with this order could lead to a recommendation that this case be dismissed for want of prosecution. (*Id.*)

The clerk served this order to both addresses that Mr. Dhaker listed in his complaint for service, his email address and the physical address he provided. (Service Remark, Nov. 20, 2025.)

On December 12, 2025, counsel for the Commissioner reported that neither the U.S. Attorney's Office nor the Social Security Administration's Law & Policy office had received the required disclosure statement. (Status Report, ECF No. 10.)

For the following reasons, I RECOMMEND that the Court DISMISS this action WITHOUT PREJUDICE for failure to prosecute and for failure to comply with this Court's orders.

## II.    LAW & ANALYSIS

"'A federal trial court has authority to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure because of a plaintiff's failure to prosecute his claims.'" *Lewis v. Eppinger,* No. 4:21-CV-412, 2023 WL 9510115, at *1 (N.D. Ohio Nov. 30, 2023) (quoting *Lucas v. Farley*, No. 0:22-CV-10-REW-CJS, 2022 WL 4126656, at *2 (E.D. Ky. Aug. 4, 2022)), *report and*

*recommendation adopted*, 2024 WL 416487 (N.D. Ohio Feb. 5, 2024). Specifically, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (holding that the reference to a defendant's motion in the rule does not abrogate the court's inherent power to dismiss sua sponte for failure to prosecute or to comply with litigation rules or court orders).

The U.S. Supreme Court has recognized that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.*; *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.") (citing *Link,* 370 U.S. at 629–30); *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (recognizing that "[u]nder the Federal Rules of Civil Procedure, Rule 41(b), the district court has the authority to dismiss a case for failure to prosecute," and the appropriate standard of review is abuse of discretion); *see also Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citation omitted) (noting that dismissal of claims for failure to prosecute was "available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and opposing parties," after certain plaintiffs failed to respond to a court order requiring filing status information).

In determining whether a case should be dismissed for failure to prosecute under Rule 41(b), the Sixth Circuit has held that a court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Here, Mr. Dhaker is at fault for not complying with the Court's local rules, its initial order, as well as the orders issued on September 9 and November 20, 2025, giving him additional opportunities for compliance. I am mindful that Mr. Dhaker alleged that he is homeless, a difficult situation that surely affects his ability to receive service and litigate this matter. But this case has been pending for over four months, and a party to litigation has an affirmative duty to monitor the docket for the entry of orders. *E.g.*, *Yeschick v. Mineta*, 675 F.3d 622, 629–30 (6th Cir. 2012) (also noting that "it is the party, not he court, who bears the burden of apprising the court of any changes to his or her mailing address"); *Reinhart v. U.S. Dept. of Agriculture*, 39 F. App'x 954, 956–57 (6th Cir. 2002). Moreover, here the Court's orders were served by mail to the physical address Mr. Dhaker identified in the complaint. Further, the clerk caused the November 20, 2025 order to also be sent to Mr. Dhaker by email at the email address he provided in the complaint.

At this point, as the case has been pending for over four months without any response from Mr. Dhaker to repeated orders directed to him, it appears that he has abandoned the case. *See Rivera v. Comm'r of Soc. Sec.,* No. 4:16CV2316, 2017 WL 1683660, at *1 (N.D. Ohio April 11, 2017), *report and recommendation adopted,* 2017 WL 1649825 (N.D. Ohio May 2, 2017) (dismissing case without prejudice when the plaintiff failed to comply with the initial

scheduling order to file a Brief on the Merits, as well as a second court order providing an opportunity for compliance).

The remaining *Mulbah* factors also favor dismissal. As noted in my November 20, 2025, order, the Commissioner has been prejudiced in that the agency cannot meaningfully respond to this complaint without receiving Mr. Dhaker's social security number. Counsel represented that he had diligently sought to find Mr. Dhaker in the agency's internal system even without knowing his social security number, without success.

As to the third and fourth factors, Mr. Dhaker was explicitly and repeatedly warned that failure to disclose the social security number to the USAO may result in a recommendation that this case be dismissed. Dismissal is an appropriate sanction for Mr. Dhaker's failure to comply with Court orders and apparent abandonment of his case because he has not responded to this Court's attempts to impose a less severe sanction, *i.e.,* permission to comply with the local rules and initial order several months late. *See Rivera,* 2017 WL 1683660, at *1; *Addair v. Comm'r of Soc. Sec.*, No. 1:13CV1603, 2014 WL 810824 at *1–2 (N.D. Ohio Feb. 25, 2014) (dismissing case with prejudice for failure to prosecute); *Peterson v. Comm'r*, No. 12–11047, 2013 WL 1946184, at *2 (E.D. Mich. Apr. 9, 2013), *report and recommendation adopted*, 2013 WL 1943458 (dismissing case with prejudice).

Additionally, Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action where a party fails to comply with a court order.

Fed. R. Civ. P. 16(f)(1)(C) provides:

> On Motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order.

"Although *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be dismissed if the plaintiff fails to meet court orders." *Rivera,* 2017 WL 1683660, at *2 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (holding that pro se litigants are not to be accorded any special consideration when they fail to comply with straight-forward procedural requirements and deadlines)).

Here, Mr. Dhaker was required to provide his social security number to the USAO by the local rules and was repeatedly and specifically ordered to comply with that mandate over the course of several months. He was advised that failure to do so could result in dismissal for want of prosecution. To date, Mr. Dhaker has not complied with these orders, and he has not attempted to show good cause for his inaction.

Under these circumstances, dismissal is appropriate.

## III.     CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** this action **WITHOUT PREJUDICE** for failure to comply with this Court's orders and for want of prosecution.

The clerk is directed to mail a copy of this Report and Recommendation to Mr. Dhaker at 20569 Southgate Park, Maple Hts., OH 44137, and to also email a copy to him at e9062567@gmail.com.

Dated:  December 12, 2025                    /s *Jennifer Dowdell Armstrong*
                                             Jennifer Dowdell Armstrong
                                             U.S. Magistrate Judge

## IV.     NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file**

7

**timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).