IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Emmanual Dhaker,** | Case No. 1:25CV1578 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| -vs- | |
| | Magistrate Judge Jennifer Dowdell Armstrong |
| **Commissioner of Social Security,** | |
| | MEMORANDUM OPINION AND |
| Defendant. | ORDER |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong. (Doc. No. 11), recommending that the instant action be dismissed without prejudice for failure to comply with the Court's Orders and for want of prosecution. No objections have been filed. For the following reasons, the Report and Recommendation is ADOPTED and this action is hereby DISMISSED WITHOUT PREJUDICE.

**I.  Background**

On July 29, 2025, Plaintiff Emmanual Dhaker (hereinafter "Plaintiff") filed a *pro se* Complaint (Doc. No. 1) against the Defendant Commissioner of Social Security ("Commissioner").[1] Plaintiff alleges that he is homeless but also provides a physical address and an email address in the

---

[1] The precise nature of Plaintiff's claims is unclear. In sum, Plaintiff alleges that he applied for social security benefits in 2010 and was told that he would be paid benefits "for life." (Doc. No. at PageID# 3.) He claims to have then given the SSA one billion dollars. (*Id*.) He alleges that then- President of the United States Joe Biden personally told him in 2022 that he would be "cut off" from benefits. (*Id*. at PageID# 4.) Plaintiff claims that the Social Security Administration ("SSA") did end his benefits in 2023. (*Id*.) He alleges that he went to numerous SSA offices, and in one circumstance was told by an agency employee that the employee was diverting Plaintiff's benefits to a third person in exchange for sexual favors. (*Id*.) The Complaint contains a number of other factual allegations, but ultimately Plaintiff claims that the SSA's actions violated 42 U.S.C. § 405(a) and (b), entitling him to a refund of the $1,000,000,000 he allegedly paid to the agency and for damages in the amount of $40,000,000,000. (*Id*. at PageID# 5.)

Complaint. (*Id*.) On that same date, Plaintiff filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2.) Pursuant to Local Rule 72.2(b), the case was referred to the Magistrate Judge.

On July 29, 2025, the Magistrate Judge granted Plaintiff's Motion to Proceed *In Forma Pauperis* and issued an Initial Order. (Doc. No. 4.) In her Initial Order, the Magistrate Judge (among other things) directed Plaintiff to "(a) email the case name, case number and plaintiff's social security number to the United States Attorney's Office at USAOHN.SSACOMPL@usdoj.gov and ch.il.ogc.ndohio@ssa.gov, Northern District of Ohio, the case name, case number and plaintiff's social security number, and (b) [] file a notice with this Court as set forth in L.R. 9.1 confirming that such information has been sent." (*Id.* at PageID# 22.) A copy of the Initial Order was mailed to Plaintiff at the physical address he provided in the Complaint, and was not returned undeliverable.

On September 9, 2025, the Commissioner filed a Notice stating that Plaintiff had not provided his social security number, as required by the Initial Order. (Doc. No. 7.) The Commissioner further identified that he had attempted to locate Plaintiff in the agency's internal case-tracking system, without success. (*Id*. at PageID# 30.) The Commissioner stated that he sent the Notice to Plaintiff at both the physical and email addresses provided in the Complaint. (Doc. No. 8.) That same day, the Magistrate Judge issued an Order again requiring Plaintiff to email his social security number to the USAO and SSA-OGC and to file a notice pursuant to LR 9.1 confirming that the information had been provided, by no later than September 26, 2025. *See* Non-document Order dated Sept. 9, 2025. The docket reflects that a copy of this Order was mailed to Plaintiff at the physical address he provided in the Complaint, and was not returned undeliverable.

On November 20, 2025, the Magistrate Judge issued another Order, explaining that the Commissioner cannot adequately respond to Plaintiff's Complaint without knowing his social

2

security number and reiterating that Plaintiff is required to provide his social security number to the USAO and SSA-OGC pursuant to LR 16.3.1 and the Court's previous Orders in this case. (Doc. No. 9.) The Magistrate Judge then, once again, ordered Plaintiff to provide his full social security number in a written disclosure statement to the United States Attorney's Office via electronic mail, by no later than December 4, 2025. (*Id*.) In this Order, the Magistrate Judge cautioned Plaintiff that failure to timely comply could lead to a recommendation that this case be dismissed for want of prosecution. (*Id*. at PageID# 35.) The docket reflects that the Magistrate Judge's Order was sent to both the physical and email addresses listed by Plaintiff in the Complaint, and was not returned undeliverable.

On December 12, 2025, the Commissioner filed a Status Report, in which he reported that neither the U.S. Attorney's Office nor the Social Security Administration's Law & Policy Office had received the required disclosure statement from Plaintiff. (Doc. No. 10.)

On December 12, 2025, the Magistrate Judge issued a Report & Recommendation that the instant action be dismissed without prejudice for failure to prosecute and for failure to comply with the Court's Orders. (Doc. No. 11.) A copy of the Report & Recommendation was sent to Plaintiff at both the physical and email addresses listed in the Complaint, and was not returned undeliverable. Objections were due by no later than fourteen (14) days after service, i.e., by no later than December 29, 2026. No objections were filed.

**II.    Standard of Review**

The applicable standard of review of a Magistrate Judge's Report and Recommendation depends upon whether objections were made to that report. When objections are made, the district court reviews the case *de novo*. Specifically, Federal Rule of Civil Procedure 72(b) states in pertinent part:

3

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction.

Although the standard of review when no objections are made is not expressly addressed in Rule 72, the Advisory Committee Notes to that Rule provide that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See* Fed. R. Civ. P. 72, Advisory Committee Notes. Moreover, in *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the United States Supreme Court explained that "[i]t does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

### III. Analysis and Conclusion

Here, as stated above, no objections were filed to the Report and Recommendation of Magistrate Judge Armstrong that the instant action be dismissed without prejudice for failure to prosecute and failure to comply with the Court's Orders. This Court has nonetheless carefully and thoroughly reviewed the Report and Recommendation and agrees with the findings and conclusions set forth therein. The Report and Recommendation (Doc. No. 11) of Magistrate Judge Armstrong is, therefore, ADOPTED and the instant action is hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: January 5, 2026

       *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE